# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0281V

|  |  |
|---|---|
| SHANNON PUFFINBERGER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On March 11, 2022, Shannon Puffinberger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza vaccine received on September 16, 2019. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, her injury continued for longer than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. Petition at ¶¶ 1, 6, 7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 16, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 8, 2024, Respondent filed a proffer on award

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of compensation ("Proffer") indicating Petitioner should be awarded $102,500.00, plus funds to satisfy a Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **A lump sum payment of $102,500.00 (for pain and suffering) in the form of a check payable to Petitioner; and**

B. **A lump sum payment of $21,826.79, representing compensation for satisfaction of the Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> Treasurer of Virginia
> Office of the Attorney General
> Financial Recovery Section
> Attn: Valerie Hill
> P.O. Box 610
> Richmond, Virginia 23218

Petitioner agrees to endorse the check to Treasurer of Virginia for satisfaction of the Medicaid lien.

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SHANNON PUFFINBERGER,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>       Respondent. | No. 22-281V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On March 11, 2022, Shannon Puffinberger ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on September 16, 2019.  *See* Petition at 1. On December 15, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe.  ECF No. 21.  On December 16, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 23.

**I.**    **Items of Compensation**

     A.    <u>Pain and Suffering</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$102,500.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Virginia Medicaid lien in the amount of **$21,826.79**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Virginia may have against any individual as a result of any Medicaid payments the Commonwealth of Virginia has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 16, 2019, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.   Form of the Award

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of **$102,500.00**, in the form of a check payable to petitioner; and

B. A lump sum payment of **$21,826.79**, representing compensation for satisfaction of the Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:

> Treasurer of Virginia
> Office of the Attorney General
> Financial Recovery Section
> Attn: Valerie Hill
> P.O. Box 610
> Richmond, Virginia 23218

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

Petitioner agrees to endorse the check to Treasurer of Virginia for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ Alec Saxe
ALEC SAXE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-7722
E-mail: Alec.Saxe@usdoj.gov

DATED: May 8, 2024

3